**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANDY M. AGUILAR**<br>**KAROLINA S. AGUILAR,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ALLY FINANCIAL INC., ALLY BANK**<br>**SONIC AUTOMOTIVE INC. d/b/a**<br>**MERCEDES BENZ OF NASHVILLE,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NO. 3:25-cv-01066**<br><br>**JUDGE CAMPBELL** |

# **ORDER**

Pending before the Court is the Magistrate Judge's Report (Doc. No. 51), recommending that: (1) Plaintiffs' motion to vacate arbitration award (Doc. No. 46) be denied and the arbitration award be confirmed; (2) the 12(b)(6) motion to dismiss (Doc. No. 36) filed by Defendants Ally Financial Inc. and Ally Bank be denied; (3) the motion to confirm final arbitration award (Doc. No. 47) filed by Defendants Ally Financial Inc. and Ally Bank be denied as moot; and (4) that Defendant Sonic Automotive Inc.'s motion to dismiss (Doc. No. 38) be granted. Plaintiffs have timely filed objections to the Report and Recommendation. (*See* Doc. Nos. 52, 53).

For the reasons stated herein, the Report and Recommendation is **ADOPTED** as to the parties' respective motions to vacate/confirm the arbitration award (Doc. Nos. 46, 47); **REJECTED** as to the pending motions to dismiss (Doc. Nos. 36, 38); and Plaintiffs are **GRANTED LEAVE** to file an amended complaint **within the next 30 days**.

The Court begins with Plaintiffs' objections to the Magistrate Judge's recommendation that their motion to vacate arbitration award be denied. Plaintiffs appear to assert that the Magistrate Judge erred by recommending confirmation of the award before determining Alley Financial Inc.'s

specific contractual authority. (*See* Doc. No. 52 at 2-4; Doc. No. 53 at 8 ("… the R&R does not identify what established [Ally Financial Inc.] as the entity contractually entitled to exercise the rights and receive the relief entered in its favor.")). Given Plaintiffs' specific objection and claimed error, the Court reviews their motion *de novo*.

As grounds for their motion to vacate the arbitration award, Plaintiffs claim "the arbitrator issued an award in favor of an entity whose contractual authority was expressly disputed, formally reopened for adjudication, amended by Respondent, and never resolved in a written determination." (Doc. No. 46 at 1). Plaintiffs assert that the arbitration award exceeded the scope of arbitrator's authority under 9 U.S.C. § 10(a)(4) because the identity of the enforcing party was left unresolved. (*See id*. at 2, 12 ("The Final Award assumes, without deciding, that Ally Financial Inc. possessed contractual enforcement rights.")). However, the Sixth Circuit "has never squarely held that a dearth of explanation constitutes a § 10(a)(4) violation." *In re Romanzi*, 31 F.4th 367, 375 (6th Cir. 2022). Further, "[a]rbitrators exceed their authority only when 'they display a manifest disregard of the law.'" *BLC Lexington SNF, LLC v. Townsend*, 171 F.4th 788, 797–98 (6th Cir. 2026) (quoting *In re Romanzi*, 31 F.4th at 375). And "manifest disregard of the law is a very narrow standard of review." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995) ("When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle."). Plaintiffs' pending motion does not contain any argument that the arbitration tribunal disregarded the law in reaching the Final Award. As such, the motion to vacate the arbitration award (Doc. No. 46) is **DENIED**.

"An order rejecting a motion to vacate and/or modify an arbitration is, in effect, an order confirming the award." *Limited v. J.J. Ryan Corp.*, 757 F.Supp.3d 806, 812 (N.D. Ohio 2024)

(citing *Milan Express Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 672 F. App'x at 553, 556 (6th Cir. 2016) ("A court's denial of a motion to vacate an award is often treated as equivalent to an order confirming an award.")). Accordingly, the Court **CONFIRMS** the Arbitration Award and **DENIES** the motion to confirm final arbitration award (Doc. No. 47) filed by Defendants Ally Financial Inc. and Ally Bank as **moot**.

Next, the Court turns to Defendants' pending motions to dismiss filed in January 2026. (Doc. Nos. 36, 38). On February 11, 2026, after Defendants' motions were filed and fully briefed, a Final Award was issued in the parties' arbitration proceedings. (*See* Exhibit A to Plaintiffs' motion to vacate arbitration award, Doc. No. 46-1 at 2-3). The Report and Recommendation relies on the Final Award in recommending that Plaintiffs' claims be dismissed, but the parties' briefs on the motions to dismiss did not contemplate the Final Award or address its impact on Plaintiffs' claims in the present action. It would be beneficial to the Court to hear from the parties on how the confirmed Final Award impacts Plaintiffs' claims in this matter. Accordingly, the Court **REJECTS** the Report and Recommendation concerning the pending motions to dismiss.

Plaintiffs are **GRANTED LEAVE** to file an amended complaint **within the next 30 days**, and Defendants' pending motions to dismiss (Doc. Nos. 36, 38) are **DENIED** without prejudice to refiling after Plaintiffs file their amended complaint. If Plaintiffs fail to file an amended complaint within the next 30 days, Defendants may refile their motions at that time. However, Defendants *shall not* refile the motions they have already filed. Rather, Defendants' forthcoming motions should address the impact of the confirmed Final Award on Plaintiffs' claims in this matter.

It is so **ORDERED**.

William L. Campbell, Jr.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE